IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COREY LEONG, #A4014453, | ) | CIV. NO. 18-00372 JAO-KJM |
| | ) | |
| Petitioner, | ) | DISMISSAL ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, RUSSELL A. SUZUKI, | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the court is pro se Petitioner Corey Leong's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1-2 (rescanned Petition). Leong challenges his conviction in *State v. Leong*, 2FFC-18-0000027 (Haw. 2d Cir. Family Ct. 2018), for Custodial Interference in the First Degree.[1] *See* Pet., ECF No. 1-2; *see also* https://jimspss1.courts.state.hi.us/JEFS (visited Oct. 2, 2018).[2]

---

[1](1) A person commits the offense of custodial interference in the first degree if:

    (a) The person:

    (i) Intentionally or knowingly violates a court order issued pursuant to chapter 586, or intentionally or knowingly takes, entices, conceals, or detains the minor from any other person who has a right to custody pursuant to a court order, judgment, or decree[.]

Haw. Rev. Stat. § 707-726(a)(1).

[2]A court may take notice of proceedings in other courts "if those proceedings have a

Leong repeatedly asserts that he has not presented his claims to the Hawaii state courts. It therefore plainly appears from the face of the Petition that Leong's claims are wholly unexhausted. Accordingly, the Petition and this action are DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires prompt dismissal if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## I. BACKGROUND

Leong pleaded no contest in 2FFC-18-0000027 on June 13, 2018, and was sentenced to one-year incarceration with credit for time served, to be followed by a four-year term of probation. *See* 2FFC-18-0000027. He is scheduled to be released in January 2019. *See* https://www.vinelink.com/# (visited Oct. 4, 2018).

Leong raises four grounds for relief : (1) Leilani S. Andaya neglected, abused, and threatened their daughter between 2014 and late-2017, showing that he "had good cause to protect said child and seek emergency custody in another state." Pet., ECF No. 1-2, PageID #31-33 (Grounds One and Two); (2) his attorney coerced him into pleading no contest and waiving his right to a jury trial

---

²(...continued)
direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

and then refused to file an appeal, in violation of the Sixth Amendment, *id.*, PageID #34 (Ground Three); and (3) a family court judge and court staff in "FCP 13-1-0001," in which Leong allegedly sought a restraining order against Andaya, were prejudiced and biased against him, *id.* (Ground Four). Leong also claims that the Maui County Police Department used unauthorized and excessive force to remove his daughter from his custody. *Id.*, PageID #36.

## II. THE PETITION IS DISMISSED

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[3] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Stone v. City & Cty. of San*

---

[3] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

3

*Francisco*, 968 F.2d 850, 856 (9th Cir. 1991). A petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g.*, *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); *Rollins v. Superior Court*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

State remedies must be exhausted except in unusual circumstances. *Granberry*, 481 U.S. at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and does not bar a petitioner from returning to federal court after state remedies have been exhausted.

Leong repeatedly asserts that his attorney refused to file an appeal in 2FFC-18-0000027 and that he does not know how to do so on his own. Thus, Leong admits that he has neither directly appealed his June 13, 2018 conviction in 2FFC-18-0000027, nor filed a post-conviction petition raising the claims he asserts in the Petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. Neither the Hawaii Supreme Court nor the Intermediate Court of Appeals has been given the opportunity to rule on Leong's claims.

Exhaustion may be satisfied if the petitioner's claims are clearly barred

4

under state law. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996). It is not "clear" that Leong's claims are procedurally barred under Hawaii state law, however. Although he may have waived the right to directly appeal pursuant to his no contest plea, and this is not explicit in the Petition, Leong may still have the right to pursue post-conviction relief under Haw. R. Penal. P. 40.[4] Even if there is some state procedural bar, that is a matter that should be evaluated in the first instance by the Hawaii state courts, and the Hawaii Supreme Court may nevertheless choose to reach Leong's claims. The court expresses no opinion regarding whether Leong may raise his claims under Rule 40.

Finally, Leong's argument that he is unable to proceed on his own with such a petition is contradicted by his ability to file the present Petition pro se within

---

[4] Haw. R. Penal P. 40(a)(3) provides:

Inapplicability. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

5

months of his conviction and by his statements that he sought a temporary restraining order against Ms. Anduya in "FCP 13-1-0001."

### III. CONCLUSION

Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Because Leong's Petition is wholly and admittedly unexhausted, the Petition and this action are DISMISSED without prejudice. The Clerk is directed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 9, 2018.

Jill A. Otake
United States District Judge

*Leong v. Hawaii,* No. 1:18-cv-00372 JAO-KJM; Habeas '18 Leong 18-372 jao (dsm unexh)